

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6001 | **DATE** | 11/1/2002 |
| **CASE TITLE** | AURIZA VEGA vs. THE CHERRY CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (16-1) to strike is denied. Motion (12-2) for judgment is denied. Motion (12-1) for summary judgment is denied. Motion (16-1) for summary judgment is granted.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 25 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 4 2002

Auriza VEGA,

    Plaintiff,

v.

THE CHERRY CORPORATION
LONG TERM DISABILITY PLAN,
CONTINENTAL CASUALTY COMPANY

    Defendant.

No. 01 C 6001
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Auriza Vega suffers from systemic lupus and rheumatoid arthritis. She worked for The Cherry Corporation in a job that required her to perform a limited variety of machine and manual assembly and soldering operations to make automotive products. Mrs. Vega's disability insurer, Continental Casualty Company ("CNA"), denied her long-term disability benefits. CNA determined that there was a lack of objective medical evidence demonstrating Mrs. Vega's condition was of the severity to render her incapable of performing her occupation. Mrs. Vega sued for wrongful denial of benefits under ERISA, 29 U.S.C. §1132 (a)(1)(B), claiming that she is disabled from her occupation. Both parties move for summary judgment.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999). When considering a motion for summary judgment, I review the entire record, drawing all reasonable inferences in the light most favorable to the non-moving party. *Cornfield by Lewis v. School Dist. No. 230*, 991 F.2d 1316, 1320 (7th Cir. 1993). I will consider the cross motions for summary judgment together.

A denial of benefits challenged under an ERISA plan is reviewed de novo unless the plan language gives the administrator discretionary authority to determine eligibility for benefits or to construe



the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 956, 103 L. Ed. 2d 80 (1989). The Seventh Circuit has held that, although there is no magical incantation required to confer discretion to the plan administrator, the language of the plan must be clear. *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 332 (7th Cir. 2000). Additionally, there is a presumption against discretion and in favor of de novo review that can only be overcome by an express grant of discretion to the plan administrator. See *Herzberger*, 205 F.3d at 330-31.

CNA relies on *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375 (7th Cir. 1994) and several Sixth Circuit cases to support a showing of discretion and an application of a deferential, arbitrary and capricious standard of review. In *Herzberger*, the Seventh Circuit in distinguishing *Donato* explained, "the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or satisfactory proof), does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Herzberger*, 205 F.3d at 332. CNA's plan language provides that, "Benefits will be paid monthly immediately after We receive due written proof of loss." The Seventh Circuit has rejected the position of the Sixth Circuit, holding words such as "due proof" and "satisfactory proof" are insufficient to show a grant of discretion. Id.

CNA argues that the language of the plan, requiring "due written proof" of a loss, when read in conjunction with the language of the summary plan description (SPD), confer the discretion needed to justify an arbitrary and capricious standard of review. However, in light of applicable Seventh Circuit case law, the language of the plan is what controls and a summary plan description cannot be used to expand discretion given under the plan. See, *Health Cost Controls of Illinois, Inc., v. Washington*, 187 F.3d 703, 711 (7th Cir. 1999).

I review Defendant's denial of benefits de novo, and will consider the record that was before the administrator as well as any other evidence I consider necessary to the resolution of the benefits claim. See *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994).

In determining long-term disability benefits, the question before CNA was whether Mrs. Vega can perform the substantial and material duties of her regular occupation, and not whether she was capable of doing any work at all. The opinions of Dr. Aruguete, the treating physical therapist and Dr. Kim are uncontroverted, and none of the treating medical examiners determined that Mrs. Vega could perform her regular occupation. Mrs. Vega's job requires frequent lifting and transferring of light materials, with occasional heavy lifting of objects weighing up to 70 pounds. She suffers from systemic lupus and rheumatoid arthritis. Dr. Aruguete's determination that her arthritic condition is exacerbated by repetitive work is uncontested. Mrs. Vega's systemic lupus is progressively deteriorating and medical evidence establishes that she does not have the hand coordination or strength to perform the duties of her regular occupation.

Mrs. Vega is disabled according to the terms of CNA's policy. She is not gainfully employed, she is under the regular care of Dr. Aruguete, and Dr. Aruguete has determined that Mrs. Vega is continuously unable to perform the substantial and material duties of her occupation because she suffers from deteriorating systemic lupus and rheumatoid arthritis. There is no medical opinion contrary to the opinions of Dr. Aruguete, the physical therapist or Dr. Kim. CNA's decision to deny Mrs. Vega long-term disability coverage is without factual basis on the record, and a judgment in favor of Plaintiff and against CNA is necessary as a matter of law.[1]

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED and Defendant's motion is DENIED.

ENTER:

James B. Zagel
United States District Judge

Date: 1 Nov. 2002

---

[1] I note my view that the result here may well have been the same even under an "abuse of discretion" standard.